# United States District Court

### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

EMC INC., on behalf of Harshavardham Alluru,[1]

        *Plaintiff*,

v.

UNITED STATES OF AMERICA, et al.,[2]

        *Defendants*.

§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 4:25-cv-303-ALM
Judge Mazzant

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion") (Dkt. #7). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This action concerns the United States Citizenship and Immigration Services' ("USCIS") denial of an I-129, Petition for a Nonimmigrant Worker (the "I-129 Petition") filed by EMC Consulting Group, Inc. (the "Petitioner"), on behalf of Harshavardhan Alluru (the "Beneficiary") (Dkt. #1; Dkt. #7-1). The Petitioner filed the I-129 Petition on June 30, 2021, seeking to classify the Beneficiary as an H-1B specialty occupation worker (Dkt. #7-1 at p. 2). On December 7, 2021,

---

[1] Plaintiff initially filed suit on behalf of four different beneficiaries in this Court under Case No. 4:23-cv-296. On March 24, 2025, the Court entered an order granting Defendants' Motion to Sever Plaintiff's action into four different cases (Dkt. #19, Case No. 4:23-cv-296). Through that order, the Clerk was directed to restyle the original case and create three new cases for each of the four beneficiaries, including Harshavardhan Alluru. But, when the instant case was created, Harshavardhan Alluru's name was misspelled. Thus, the Court keeps the case style as is but makes note that the *correct* spelling, Harshavardhan Alluru, is used in this Memorandum Opinion and Order.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin, Secretary of Homeland Security, is substituted for his predecessor, Kristi Noem; Todd Blanche, Acting Attorney General, is substituted for his predecessor, Pam Bondi.

USCIS issued a Request for Evidence ("RFE") to the Petitioner, requesting additional evidence to satisfy the requirement that the Beneficiary is qualified to perform services in the specialty occupation (Dkt. #7-1 at p. 3). USCIS received the Petitioner's response to the RFE on February 16, 2022 (Dkt. #7-1 at p. 3). On March 22, 2022, USCIS issued a Notice of Intent to Deny ("NOID") to the Petitioner, raising concern about the place of employment listed (Dkt. #7-1 at p. 3). USCIS received Petitioner's response to the NOID on May 23, 2022 (Dkt. #7-1 at p. 3).

Eventually, USCIS determined that the previous NOID did not provide sufficient detail to adequately notify the Petitioner of the evidentiary deficiencies in the record (Dkt. #7-1 at p. 3). As such, on April 11, 2025, USCIS reopened Petitioner's I-129 Petition for further review (Dkt. #7-1 at p. 3). On May 23, 2025, USCIS issued a second NOID to the Petitioner, raising issues about the Beneficiary's qualifications, the bona fides of the job offer, and whether the Petitioner paid the appropriate American Competitiveness and Workforce Improvement Act ("ACWIA") fee (Dkt. #7-1 at p. 3). USCIS received the Petitioner's response to the second NOID on June 3, 2025 (Dkt. #7-1 at p. 3). On August 20, 2025, USCIS denied the I-129 Petition, on the basis that the Petitioner's response to the second NOID restated its earlier positions without responding to the three issues (Dkt. #7-1 at p. 3). Specifically, USCIS determined the following: (1) the evidence was deficient as to the Beneficiary's qualifications to work in the requested specialty occupation position; (2) the evidence did not establish there was a bona fide job offer such that the Beneficiary will be employed in a specialty occupation; and (3) there was no evidence the Petitioner paid the proper amount for the ACWIA fee (Dkt. #7-1 at pp. 3–10).

Plaintiff EMC, Inc. ("Plaintiff") filed suit on April 6, 2023, seeking judicial review of USCIS's original decision under the Administrative Procedure Act ("APA") (Dkt. #1 at ¶ 1).

Specifically, Plaintiff requests a judgment setting aside the decision to deny the I-129 Petition, filed by the Petitioner on behalf of the Beneficiary, on the grounds that the decision was unlawful, arbitrary, and capricious (Dkt. #1 at ¶ 9). Plaintiff further requests that the Court enter an order requiring USCIS to approve the I-129 Petition and an award for its attorney's fees and costs for bringing this action (Dkt. #1 at p. 11).

On December 2, 2025, Defendants filed the instant Motion, requesting that the Court dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #7). Plaintiff responded on December 20, 2025 (Dkt. #9). Defendants replied in support of their Motion on January 2, 2026 (Dkt. #12). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (internal quotation marks omitted) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff.

3

*Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## II.    Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendants urge the Court to dismiss Plaintiff's complaint for the following reasons: (1) for lack of subject matter jurisdiction because Plaintiff's purported injury is not fairly traceable to the USCIS, and Plaintiff cannot establish that the injury is redressable; and (2) for failure to state a claim that the USCIS violated the APA, because the original decision was vacated upon reopening the matter and a new decision was issued on August 20, 2025 (Dkt. #7 at pp. 9–11). The Court will first address the jurisdictional challenge and then address the substantive challenge.

## I.    Rule 12(b)(1)

The Court begins with Defendants' Rule 12(b)(1) jurisdictional challenge based on Plaintiff's lack of standing (Dkt. #7 at pp. 9–11). Standing is "an essential and unchanging part of

the case-or-controversy requirement of Article III." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must show an injury-in-fact that is fairly traceable to the challenged conduct, and the injury will likely be redressed by a favorable decision on the merits. *Id.* at 560–61. "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citation modified). Under the APA, a petitioner is entitled to a right of review of a USCIS decision. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). However, a person suing under the APA must satisfy Article III's standing requirements. *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 224 (2012).

Here, Defendants argue Plaintiff, EMC, Inc., is not the Petitioner, EMC Consulting Group, Inc., that filed the I-129 Petition, and Plaintiff therefore lacks standing to seek judicial review of a USCIS decision affecting another different entity (Dkt. #7 at p. 9). Without standing, Defendants argue Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction (Dkt. #7 at pp. 9–10).

In its response, Plaintiff argues that Defendants' Motion for lack of standing should be denied because "[w]hether EMC Inc. and EMC Consulting Group, Inc. are the same, related, or successor entities is a *disputed factual question* intertwined with the merits, specifically, the lawfulness of USCIS's adjudication." (Dkt. #9 at p. 2 (emphasis added)). The Court finds that Plaintiff's contention that a fact issue exists is insufficient to meet its burden of establishing the Court's subject matter jurisdiction over this action.

6

As stated above, Plaintiff bears the burden of establishing the Court's subject matter jurisdiction, including whether there is standing in the case. *Ramming*, 281 F.3d at 161 (holding that the burden of proving subject matter jurisdiction lies with the party asserting it). But, Plaintiff's assertion that an issue of fact exists as to Petitioner's identity is a legal conclusion, which is not entitled to the presumption of truth that well-pleaded factual allegations receive. *See Iqbal*, 556 U.S. at 678. Plaintiff asserts in its complaint that EMC Inc. is the Petitioner, not EMC Consulting Group (Dkt. #1 at p. 2). The USCIS decision, attached to Defendants' Motion, contradicts this assertion because the decision identifies EMC Consulting Group, Inc.—not Plaintiff—as the Petitioner (Dkt. #7-1). Moreover, Plaintiff does not claim that EMC, Inc. and EMC Consulting Group, Inc. are the same, related, or successor entities; instead, Plaintiff simply claims that a fact finder *may* determine the two entities, Plaintiff and Petitioner, are the same, related, or successor entities.

The Fifth Circuit's decision in *Shrimpers and Fishermen of the RGV v. Texas Commission on Environmental* Quality, 968 F.3d 419 (5th Cir. 2020) is instructive. In that case, two organizations sought judicial review of an agency's permitting decision, invoking federal jurisdiction to do so. *Id.* at 423. The Fifth Circuit explained that a party "who seeks judicial review of agency action invokes federal jurisdiction and therefore bears the burden of establishing Article III standing." *Id.* (citation modified). The Fifth Circuit further clarified that a party's "claim of standing cannot rest on 'mere allegations,' but must instead be supported by citations to specific facts in the record." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 (2013)). The Fifth Circuit concluded that the two organizations had not met their burden, resting on "mere allegations," rather than concrete evidence. *Id.* at 435. Ultimately, the Fifth Circuit dismissed the organizations' petition for review for lack of Article III standing rather than reaching the merits. *Id.* at 426.

Like the organizations in *Shrimpers and Fishermen of the RGV*, here, Plaintiff invokes the Court's jurisdiction to challenge an agency's denial of the I-129 Petition, specifically, a USCIS decision; yet, Plaintiff has rested their standing claims on mere allegations about the Petitioner's identity and not citations to specific facts in the record (Dkt. #9 at p. 2). Again, Petitioner EMC Consulting Group, Inc.—a different entity from Plaintiff—filed the I-129 Petition on behalf of the Beneficiary (Dkt. #1; Dkt. #7-1). Plaintiff has not directed the Court to any other facts in the record or presented any evidence to contradict this. For this reason, the Court finds Plaintiff has not shown it experienced an injury-in-fact that is fairly traceable to the challenged USCIS decision, and thus, Plaintiff lacks standing.

Accordingly, dismissal under Rule 12(b)(1) is warranted for lack of subject matter jurisdiction and Defendants' Motion should therefore be **GRANTED**.

## II.    Rule 12(b)(6)

As the Court is without subject matter jurisdiction over this matter, it will not address the merits of Plaintiff's claim. Plaintiff's lack of standing is dispositive, and the Court need not consider Defendants' argument that Plaintiff has failed state a claim under Rule 12(b)(6); namely, whether USCIS's conduct in reopening the I-129 Petition, and denying it, constitutes as a final agency action subject to judicial review under the APA (Dkt. #9 at p. 2). Standing is a threshold jurisdictional requirement that must be resolved before a court may address the merits of a claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Having failed to carry its burden of establishing jurisdiction, Plaintiff is not entitled to a decision on the merits, and the complaint should be dismissed under Rule 12(b)(1) without the Court reaching the issue presented under Rule 12(b)(6).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. #7) is hereby **GRANTED** and the case is hereby **DISMISSED without prejudice**.

It is further **ORDERED** that the Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

**SIGNED this 8th day of June, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

9